## STATE ex MELARAGNO v INDUST COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2976. Decided June 8, 1939

W. S. Marshall, Columbus and John K. Sawyers, Jr., Columbus, for Relator.

Thomas J. Herbert, Attorney General, Columbus, E. P. Felker, Asst. Atty. General, Columbus, for Respondent.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on relator's application for a writ of mandamus, demanding the respondent to award and pay relator two-thirds of his impaired earning capacity commencing August 21, 1933, and continuing until he has been paid the maximum provided by law, to-wit, $1263.39, which sum added to what has already been paid will equal $3750.

The respondent files answer wherein certain historical facts are admitted and other allegations are denied.

A second defense of the answer raises the question that the petition does not state a cause of action.

A third defense in the answer raises the question of the exclusive and final jurisdiction of the Commission to make the order complained of.

A fourth defense states that relator has a clear, full and adequate remedy at law.

Very properly the only evidence presented is the entire file before the Commission.

The order complained of was that of August, 1938, the pertinent portion of which reads as follows:

"This claim coming before the Commission on application for reconsideration filed by the employed herein, and it appearing that while the claimant does have some physical disability as a result of the injury covered by this claim, and evidence on file discloses that such disability has caused him no impairment in his earning capacity, inasmuch as the record discloses the claimant is fully able to perform his usual labor without handicap, therefore it is the order of the Commission that the finding of March 22, 1938, be modified to read as follows: "Temporary partial compensation of an

impairment of $7.50 per week, be granted from October 15, 1936, to October 21, 1938, the Commission finding that subsequent to this latter date claimant has no impairment in his earning capacity.' This finding made by the Commission following a round table conference."

Contained within the file is a letter dated May 24, 1938, from the Marble Cliff Quarries Company to the Industrial Commission of Ohio. (The Marble Cliff Quarries Company was claimant's employer.) The second paragraph of the letter reads as follows:

"However, the actual facts are that claimant works every day that work can be provided for him and is performing his usual work in the usual manner. If claimant had not been injured on March 6, 1928, he would not be earning any more money than he is now making. He is being paid the same wages and is being furnished the same amount of work as other employees who are similarly employed. He is also receiving the same wage as other employees engaged in similar work who have never been injured."

There also is contained within the file a claimant's wage scale filed with the Commission May 6, 1938, and purports to give weekly rates from January 1, 1938, to April 30, 1938. This covers a period of seven weeks and shows employment of six days per week for six weeks and seven days for the other. The amount of earnings per week varies, the lowest being $21.74 and the highest, $27.66.

The law relative to actions of this kind is very well defined. §1465-86, GC, among other things, provided as follows:

"The power and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modifications or change in respect to former findings or orders with respect thereto, as, in its opinion may be justified."

Sec. 1465-90, GC, among other things, contains the following:

"The Commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final."

The question is uncontroverted that in actions of this character courts will not interfere with tribunals given final authority unless there is a gross abuse of discretion. We had occasion to discuss the question of gross abuse of discretion in a very recent case of Amelia Jones, Relator v Industrial Commission, Respondent, No. 2974, Franklin County, opinion released June 6, 1939. The subject of abuse of discretion is also discussed in the following decisions and publications:

State ex Kauffman v Industrial Commission, 121 Oh St 472;
State ex Hudziecko v Industrial Commission, 132 Oh St 444;
State ex Coen v Industrial Commission, 126 Oh St 550;
Ruling Case Law, Vol. 18, p. 124, Sec. 38;
Wilbur v U. S., 281 U. S. 206;
18 R. C. L., p. 193, Sec. 118;
18 R. C. L., Permanent Supp. Ed., p. 297, Sec. 230;
State ex Myers v Industrial Commission, No. 2912, Court of Appeals, Franklin County, unreported.

Relator in his petition controverts in some measure the employer's letter, dated May 24, 1938, and heretofore quoted from. However, no evidence is presented by relator substantiating these allegations of his petition unless it may be said that some of the reports of the examiners, including medical reports filed at previous dates would have such an effect.

Complaint is made that the Commission modified a previous order in promulgating the order now complained

of. Under the provisions of §1465-86, GC, the Commission has this right, provided the facts warrant. There are many classifications through which claimants receive compensation, such as permanent total disability, temporary total disability, partial disability, impairment of earning capacity, etc. The file indicates that claimants in the instant case received temporary total to June 28, 1931 in the sum of $3093.43, temporary partial to October 14, 1936, $2656.61, and medical services of $2497.00. The present claim relates to impairment of earning capacity.

The following cases are cited:

Vosnosky v Industrial Commission of Ohio, 125 Oh St 197;

Industrial Com. v Royer, 122 Oh St 271;

State ex Rubin v Industrial Com., 134 Oh St 12;

Kinzig v Industrial Com., 27 Abs 22 (Franklin Co.);

State ex Westley v Industrial Com., 59 Oh Ap 486. (Franklin County).

We have made careful examination of all of the above cases and none is directly in point, but all are helpful in formulating the applicable law. We do not think that it follows as a matter of law that because claimant still has some physical disability that his earning capacity is impaired at this time.

In the order complained of the Commission expressly determined that claimant is fully able to perform his usual labor without handicap, and makes the further finding from the evidence on file that such disability has caused him no impairment in his earning capacity.

There is evidence in the file supporting this finding.

Under this state of the record it becomes the plain duty of the court to deny the writ.

Costs will be awarded against relator.

HORNBECK, PJ. & GEIGER, J, concur.